**Spurgeon ANDERSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14824.**

United States Court of Appeals District of Columbia Circuit.

Argued March 17, 1959.

Decided April 9, 1959.

Certiorari Denied Oct. 12, 1959.
See 80 S.Ct. 95.

. Messrs. J. Leon Williams and John A. Shorter, Jr., Washington, D. C., for appellant.

Mr. Walter J. Bonner, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee. Mr. Harold D. Rhynedance, Jr., Asst. U. S. Atty., also entered an appearance for appellee.

Before Mr. Justice BURTON, retired,* and WILBUR K. MILLER and BAZELON, Circuit Judges.

## PER CURIAM.

Armed with a search warrant for a room leased by Charles and Elizabeth McClearn in a house at 1737 North Capitol Street, police officers entered the room and discovered Spurgeon Anderson and Elizabeth McClearn seated at opposite sides of a table. Anderson had a table knife "into a quantity of white powder" and Mrs. McClearn had a hypodermic needle and syringe in her hand. After arresting them, the officers found in the room and seized another quantity of powder and certain paraphernalia used in preparing and administering drugs. The white powder proved to be heroin. Both prisoners told the police Anderson had brought the drug to the room. In due course they were indicted and tried for trafficking in narcotic drugs. Both were convicted, but only Anderson appeals.

The search warrant was issued on the basis of a police officer's affidavit as to what he had observed, and what he had been told by an informer proved by experience to be reliable. The informer had said narcotic drugs were being sold at 1737 North Capitol Street by Charles McClearn, to whom Spurgeon Anderson made daily deliveries of the contraband.

Anderson's sole reason for reversal is his contention that the trial court erred in denying his motion for a bill of particulars by which he sought to learn the name of the informer. He concedes he lacked standing to attack the search warrant but says the name of the informer would have been helpful to him in preparing his defense.

It is not claimed that the informer had participated in the commission of the offenses for which Anderson was indicted, and indeed he had not done so. In these circumstances, revealing his identity was neither essential, relevant nor helpful in the preparation of Anderson's defense.

Affirmed.

BAZELON, Circuit Judge, concurs in the result.